UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEYSTONE MANUFACTURING CO, INC.,

      Plaintiff,

v.

JACCARD CORP. and ERIC J. WANGLER,

      Defendants.

**DECISION AND ORDER**
03-CV-648S

    1.    Plaintiff Keystone Manufacturing Co., Inc., commenced this intellectual property action on August 27, 2003. (Docket No. 1.) After pretrial proceedings before the Magistrate Judge, this Court resolved the parties' cross motions for summary judgment on September 29, 2005, and Plaintiff's Motion to Construe (Markman[1] proceedings) on February 26, 2007. (Docket Nos. 57, 75.) Counsel then appeared for a status conference on May 16, 2007, at which this Court scheduled trial to commence on February 12, 2008. (Docket No. 77.) Shortly thereafter, on May 21, 2007, this Court issued a Pretrial Order setting deadlines for the parties' pretrial submissions, the first of which was due November 5, 2007. (Docket No. 79.)

    2.    Two weeks before the first pretrial submission was due, Defendants Jaccard Corp. and Eric J. Wangler filed a Stipulation for Substitution of Counsel. (Docket No. 83.) Defendants' counsel, Lipsitz Green Scime Cambria LLP ("Lipsitz Green"), a prominent local law firm with a dedicated intellectual property practice, sought to withdraw from this case. (Docket No. 91-4, ¶ 5.) Defendants therefore retained Harris Beach PLLC, another prominent local law firm with an intellectual property practice. Defendants continued to

---

[1] Markman v. Westview Instruments, 52 F.3d 967 (Fed. Cir. 1995) (en banc).

retain Suzanne M. Parker of Mayer & Williams, PC (Annapolis, MD), who entered as attorney of record in this case on May 12, 2006, to assist Lipsitz Green. (Docket No. 84-2, ¶ 1.) On October 25, 2007, Harris Beach filed a Motion for a Status Conference. (Docket No. 84.) This Court granted the motion, and counsel for the parties appeared on November 5, 2007. (Docket Nos. 87, 88.)

3. At the status conference, Defendants' requested that this Court reopen discovery, which closed more than 3 years ago (on June 14, 2004), for a 3-month period to allow them to correct what they perceive to be serious errors in Lipsitz Green's discovery efforts. In particular, they argued that Lipsitz Green failed to obtain sufficient discovery on issues related to Defendants' counterclaims. (Docket No. 91-3, pp. 4-10, 13-14.) Plaintiff opposed the request, and Plaintiff's counsel stated that he would not have stipulated to the substitution of counsel if he knew that Defendants' new attorneys would seek to reopen discovery. (Docket No. 91-3, p. 11; Docket No. 92.)

4. After hearing argument, this Court denied Defendants' request to reopen discovery from the bench. (Docket No. 88.) This Court noted the passage of time, the extensive motions already decided, the likelihood of additional discovery-related and dispositive motions, its congested trial calendar, and Ms. Parker's continued representation of Defendants as reasons why it would be grossly unfair to reopen discovery at this late stage. (Docket No. 91-3, pp. 9-10, 12-15.) This Court also denied Defendants' subsequent oral request for leave to file a written motion seeking the identical relief. (Docket No. 88.)

5. Presently before this Court is Defendants' Rule 59(e) Motion for

Reconsideration of the denial of their request to reopen discovery.  (Docket No. 91.)  Defendants argue that reconsideration is necessary to prevent the manifest injustice that they contend will occur if they go to trial without additional discovery.  They further argue that this Court has a "clearly erroneous understanding of Suzanne M. Parker's role in this litigation."  (Docket No. 91-2, p. 5.)  Plaintiff opposes this motion and requests that it be summarily denied.  (Docket No. 92.)

6. Motions for reconsideration are not recognized under the Federal Rules of Civil Procedure *in haec verba*.  Courts ordinarily treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed not later than 10 days from the entry of the judgment.  See, e.g., Cray v. Nationwide Mut. Ins. Co., 192 F.Supp.2d 37, 38 n.1 (W.D.N.Y. 2001).  "A Rule 59(e) motion, however, is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided."  Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003).  Rule 59(e) permits revisitation of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice.  See Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs, 164 F.R.D. 4, 6 (W.D.N.Y. 1995); Cray, 192 F.Supp.2d at 39 (citing cases).  The decision to grant a Rule 59(e) motion is within the sound discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

7. Here, Defendants' first argument — that additional discovery is needed to

prevent the alleged manifest injustice of Defendants proceeding to trial on the current record — is simply a repeat of the argument presented to this Court at the status conference on November 5, 2007. Defendants obviously disagree with this Court's ruling, but disagreement alone is not a proper basis for a motion for reconsideration; motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. See Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994). A "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

8.   This Court articulated sound reasons for denying Defendants' eve-of-trial request to reopen discovery, and Defendants have not demonstrated any error in that ruling. See Colletti v. Fagin, No. 90 CIV 4591, 1999 WL 126461, at *3 (S.D.N.Y. Mar. 10, 1999) (denying late request made by the defendants' new counsel to withdraw from stipulations and reopen expert discovery, noting that "we see no reason to reopen discovery on the eve of trial merely to permit replacement counsel to do those things that she believes her predecessor should have done nearly seven years ago"). They simply reassert the arguments this Court has already rejected.

9.   Defendants' second argument — that this Court has a "clearly erroneous understanding of Suzanne M. Parker's role in this litigation" — is also unpersuasive. This Court is aware that Ms. Parker joined this case as counsel for Defendants on or about May

12, 2006, to assist Lipsitz Green with the Markman proceedings.  This Court is further aware that Ms. Parker did not participate in discovery or the dispositive motions.  But the fact remains that she has been on Defendants' litigation team for approximately 18 months, and never was there a request for additional discovery or any claim that discovery was inadequate.  She provides continuity of counsel in the sense that she worked with Lipsitz Green, presumably had an understanding of the file, and now continues to represent Defendants in conjunction with Harris Beach.  Thus, there is no clear error in this Court's prior ruling.

      10.    It is well settled that a party is bound by the action (or inaction) of its attorney. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); SEC v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998).  As the United States Supreme Court stated in Link, where it affirmed the dismissal of an action based on failure to prosecute:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

370 U.S. at 633-34 (quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955 (1879)).

      11.    Here, Defendants are bound by the discovery obtained by Lipsitz Green, who they retained for more than 4 years without complaint.  Although Defendants may be dissatisfied with Lipsitz Green's efforts, they have not demonstrated good cause for reopening discovery, and indeed, Plaintiff would be prejudiced.  See Colletti, 1999 WL

126461, at *3.  Consequently, because Defendants have failed to identify any intervening change in law, new evidence, or clear error or manifest injustice that warrants reversal of this Court's previous ruling, their Motion for Reconsideration under Rule 59(e) is denied.

     IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 91) is DENIED.

     SO ORDERED.

Dated:  November 29, 2007
         Buffalo, New York

                        <u>/s/William M. Skretny</u>
                        WILLIAM M. SKRETNY
                        United States District Judge